# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | CASE NO. 1:11-cv-02033-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE |
| v. | |
| K. HOLLAND, et al., | |
| Defendants. | (Docs. 1 and 5) |
| | ORDER DENYING MOTION FOR STATUS REPORT AS MOOT |
| | (Doc. 7) |

**Order Denying Plaintiff Leave to Proceed in Forma Pauperis**

**I.  Introduction**

Plaintiff Stewart Manago, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 9, 2011. On December 28, 2011, Plaintiff filed a motion seeking leave to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, Plaintiff is subject to section 1915(g) of the statute, and he may only proceed in forma pauperis if he has met the imminent danger exception. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007).

**II.  Section 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011); Andrews, 493 F.3d at 1052. Pursuant to the PLRA, the in forma pauperis statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

1

physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S. C. § 1915(g).

**III.    Discussion**

There is no dispute that Plaintiff is subject to section 1915(g).[1] The issue is whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on December 9, 2011. Andrews, 493 F.3d at 1053-56. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

**A.    Personal Tennis Shoes**

Relevant to the determination whether Plaintiff meets the imminent danger exception are Plaintiff's claims concerning the failure of prison officials to honor his chrono for personal tennis shoes and their failure to ensure he has physical therapy for his right elbow.[2]

Turning first to Plaintiff's personal tennis shoes, Plaintiff alleges that he is unable to wear state-issued shoes and boots because they offer inadequate foot support and cause him serious foot and back pain. Plaintiff has worn his personal shoes during transports since 1991. In 2009, Plaintiff was given a permanent medical accommodation chrono permitting him to wear his personal tennis

---

[1] The Court takes judicial notice of case numbers 3:90-cv-20256-MHP Manago v. Myers (N.D. Cal.) (dismissed 10/09/1991 for failure to state a claim); 3:94-cv-01528-MHP Manago v. Marshall (N.D. Cal.) (dismissed 03/25/1998 for failure to state a claim), *affirmed on appeal*, 10 Fed.Appx. 540 (9th Cir. 2001); and 1:99-cv-05525-REC-SMS Manago v. Gulare (E.D. Cal.) (dismissed 03/17/2000 for failure to state a claim), all of which are final strikes. Silva, 658 F.3d at 1098-99. Plaintiff also concedes in his complaint that he is subject to section 1915(g), but he argues that he meets the imminent danger exception. (Comp., ¶2.)

[2] Plaintiff also alleges retaliation and conspiracy claims, but in this case, the availability of the imminent danger exception hinges on his medical care claims.

shoes, but staff at the California Correctional Institution refused to abide by the chrono. Plaintiff alleges that transportation staff refused to allow him to wear his personal tennis shoes for transportation to medical appointments, and after he filed an appeal complaining, staff retaliated by changing his chrono and omitting mention of his personal tennis shoes, which allows staff to keep harassing him. (Comp., ¶¶67-76.)

The Court has carefully considered Plaintiff's allegations and exhibits, and there is no support for a finding that Plaintiff was, at the time suit was filed, in imminent danger of serious physical injury arising out of his inability to wear his personal tennis shoes during medical transports. <u>Andrews</u>, 493 F.3d at 1053. Further, assuming Plaintiff's chrono was amended to omit mention of his personal tennis shoes, as he alleges, his chrono for orthopedic shoes remains in place and no showing of imminent danger has been made. (Comp., p. 43.)

**B.     Physical Therapy**

Plaintiff also alleges that he had surgery on his right elbow on September 2, 2009. Plaintiff alleges that staff's failure, for a one-year period following surgery, to ensure that he had adequate post-surgical care caused him to suffer permanent disfigurement to his right hand and arm. On July 29, 2010, Plaintiff went to an outside physical therapy appointment and it was determined then that he needed to start physical therapy due to loss of muscle in his right hand.

Plaintiff subsequently filed an appeal concerning the lack of physical therapy and he was informed that records reflected he refused to be transported for physical therapy on September 30, 2010, October 1, 2010, and October 7, 2010. Plaintiff alleges that he never refused physical therapy; instead, staff refused to transport him because he was wearing his personal tennis shoes. Plaintiff alleges that on or around October 18, 2010, Defendant Garikaparthi told Plaintiff he would reschedule physical therapy. Plaintiff also alleges generally that he is suffering from muscle pain and weakness, and he alleges disfigurement, although what is meant by that is left unclear.

The Court finds that Plaintiff's allegations of insufficient medical care, arising out of surgery which occurred in 2009 and his subsequent need for physical therapy for muscle pain and weakness, do not support a finding that he was, at the time he filed suit, under imminent danger of serious

1  physical injury. <u>Andrews</u>, 493 F.3d at 1053.

**IV.     Order**

For the reasons set forth above, the Court finds that Plaintiff's inability to wear his personal tennis shoes for medical transportation and the delay in receipt of physical therapy do not meet the imminent danger exception to section 1915(g).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, filed on December 28, 2011, is denied;
2. Plaintiff's motion for status report, filed on June 14, 2012, is denied as moot; and
3. This action is dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

IT IS SO ORDERED.

Dated:   June 21, 2012                           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

4