# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | CASE NO. 1:11-cv-02033-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| K. HOLLAND, et al., | (Doc. 10) |
| Defendants. | |

## I.   Introduction

Plaintiff Stewart Manago, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 9, 2011. On June 21, 2012, the Court denied Plaintiff's motion for leave to proceed in forma pauperis and dismissed the action, without prejudice. 28 U.S.C. § 1915(g). On June 29, 2012, Plaintiff filed a motion for reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

## II.   Legal Standard

Rule 60(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

///

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## III. Discussion and Order

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S. C. § 1915(g). The section is a non-merits related screening device under which the Court determines whether prisoners with three or more "strikes" have met the imminent danger exception and may therefore proceed in forma pauperis. Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).

Plaintiff seeks reconsideration of the Court's determination that he is not entitled to proceed in forma pauperis in this action because he did not meet the imminent danger exception. Plaintiff does not challenge the finding that prison officials' alleged failure to honor his tennis shoes chrono failed to meet the imminent danger exception, but he argues that his physical problems with his elbow following surgery in 2009 are sufficient to demonstrate imminent danger.

The Court thoroughly reviewed Plaintiff's complaint and determined that Plaintiff's allegations concerning muscle pain and weakness, and his need for physical therapy for those issues, did not constitute imminent danger of serious physical injury. Plaintiff disagrees with that determination and his motion reargues the factual allegations already considered by the Court. Reconsideration is not a vehicle by which to obtain a second bite at the apple based on mere disagreement with a ruling; it is reserved for extraordinary circumstances. Westlands Water Dist.,

134 F.Supp.2d at 1131; <u>see also</u> <u>In re Pacific Far East Lines, Inc.</u>, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

Accordingly, Plaintiff's motion for reconsideration, filed on June 29, 2012, is HEREBY ORDERED DENIED, with prejudice. Further recourse may be sought from the appellate court, if Plaintiff so desires.

IT IS SO ORDERED.

**Dated:   July 11, 2012**                              /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE